[Criminal No. 178.   Filed March 26, 1904.]

[76 Pac. 469.]

JUSTIN T. HINDS, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. EMBEZZLEMENT—INDICTMENT—SUFFICIENCY—AGENT OF CORPORATION —TRUST RELATION—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 458,

CITED.—Section 458, *supra,* provides that any officer, servant, or agent of a corporation who fraudulently appropriates to any use or purpose not in the execution of his trust any property in his possession or under his control by virtue of his trust shall be guilty of embezzlement. An indictment under said section, which charges that defendant, while acting as manager of the P. corporation, was intrusted by the S. corporation with a check, the proceeds of which he embezzled, but which, while averring the check was intrusted to him by virtue of his employment, does not allege what, if any, interest the P. corporation had in it, or that he received it for or on account of the P. corporation, but expressly avers that it was the property of the S. corporation, and that it was received by him in the name and on account of the S. corporation, is subject to demurrer, in not being direct and certain in setting out the trust relation under which the property was misappropriated.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

R. M. Ling, and J. D. Wakely, for Appellant.

Certainty is required in criminal pleadings in order to notify the defendant as well as the court of the nature of the offense charged. *Thompson* v. *State,* 26 Ark. 330; *Dillingham* v. *State,* 5 Ohio St. 280; *Cochran* v. *United States,* 157 U. S. 290, 15 Sup. Ct. 628, 39 L. Ed. 705.

To the end that an indictment may serve the purpose indicated, it is a general rule that it must charge all the facts and circumstances which constitute the offense, and not mere conclusions of the pleader. *Giles* v. *State,* 89 Ala. 50, 8 South. 121; *State* v. *Williams,* 14 Tex. 98; *United States* v. *Mann,* 95 U. S. 580, 24 L. Ed. 531.

In *Nassitts* v. *State,* 36 Tex. App. 5, 34 S. W. 957, the court said: "The indictment charging embezzlement is fatally defective which fails to allege agreement to carry, and by whom the defendant was intrusted with the property, and what disposition he was to make of same."

No intendment can aid a charge where the facts and circumstances alleged do not bring the accused within the prohibition of the law. *State* v. *Hall,* 72 Iowa, 525, 34 N. W. 315;

*People* v. *Olmsted,* 74 Hun, 323, 26 N. Y. Supp. 818; *Petti-bone* v. *United States,* 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed 419.

The object for which the money embezzled was originally received by the accused should be set out in the indictment. It was so held in *Territory* v. *Maxwell,* 2 N. Mex. 250.

No individual section of our statutes on embezzlement prescribes the complete offense; said sections, in so far as they apply to the offense, must therefore be taken collectively.

All indictments upon statutes must state all the circumstances which constitute the definition of the offense of the act, so as to bring the defendant precisely within it. They must pursue the precise technical description of the act itself. It is necessary that the defendant be brought within all the material words of the statute, and nothing can be taken by intendment. *People* v. *Clark,* 10 Mich. 310; *People* v. *Richards,* 1 Mich. 217, 51 Am. Dec. 75, Wharton on Criminal Law, 132; *People* v. *Taylor,* 96 Mich. 576, 56 N. W. 27, 21 L. R. A. 287.

Allegation of a demand upon defendant, or a concise narration of positive circumstances showing the same to be unnecessary or impossible, is absolutely imperative as a condition precedent to criminal prosecution for embezzlement under the Arizona statutes prescribing the offense.

Demand must be made. *State* v. *Pierce,* 7 Kan. App. 418, 53 Pac. 278; *People* v. *Page,* 116 Cal. 386, 48 Pac. 326.

Intent to defraud must be alleged. *McKnight* v. *United States,* 111 Fed. 735; *United States* v. *Carll,* 105 U. S. 611, 26 L. Ed. 1135; *United States* v. *Brazeau,* 78 Fed. 465.

"In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence." *Eilers* v. *State,* 34 Tex. App. 344, 30 S. W. 811.

Felonious intent is an essential ingredient of embezzlement. *State* v. *Marco,* 32 Or. 175, 50 Pac. 799; *People* v. *Galland,* 55 Mich. 628, 22 N. W. 81; *People* v. *Hurst,* 62 Mich. 276, 28 N. W. 838; *State* v. *Reilly,* 4 Mo. App. 392; *Walker* v. *State,* 117 Ala. 42, 23 South. 149.

E. W. Wells, Attorney-General, for Respondent.

As a general rule, it is sufficient if an indictment or information charges an offense in the language of the statute;

and even the statutory words need not be strictly pursued, but others conveying the same meaning may be used. *State v. McGaffin,* 36 Kan. 315, 13 Pac. 560; *People v. Potter,* 35 Cal. 110.

Embezzlement is an offense created by statute, and the overwhelming weight of authority is that it is sufficient to charge the crime in the language of the statute. *State v. Turner,* 10 Wash. 94, 38 Pac. 864; *People v. Tomlinson,* 66 Cal. 344, 5 Pac. 509.

The further contention of appellant that the indictment must set forth the purpose for which the property was intrusted to the defendant, and the terms of the trust, is not sustained by the weight of authority. That it is not necessary to do so is in accord with the modern authorities. *People v. Hill,* 3 Utah, 344, 3 Pac. 75; *State v. Turner,* 10 Wash. 94, 38 Pac. 864; *State v. Whiteman,* 9 Wash. 402, 37 Pac. 659; *Commonwealth v. Bennett,* 118 Mass. 443.

Where a demand is not made an ingredient of the crime itself, it is not necessary to allege a demand in the indictment. *Wallis v. State,* 54 Ark. 611, 16 S. W. 821; *State v. Flournoy,* 46 La. Ann. 1518, 16 South. 454; *Edelhoff v. State,* 5 Wyo. 19, 36 Pac. 627; *Hollingsworth v. State,* 111 Ind. 289, 12 N. E. 490.

Nor is it necessary to specifically allege the fraudulent intent in the indictment. Such an intent is sufficiently charged in the allegation that the defendant fraudulently appropriated the property to his own use and to a use and purpose not in the due and lawful execution of his trust. *State v. Trolson,* 21 Nev. 419, 32 Pac. 930; *State v. Combs,* 47 Kan. 136, 27 Pac. 818; *State v. Noland,* 111 Mo. 473, 19 S. W. 715.

DAVIS, J.—The indictment under which the defendant was convicted charged: "That the said Justin T. Hinds, at the county of Yavapai and territory of Arizona, on or about the 22d day of September, 1902, then and there being and acting as the manager of the Prescott Realty Company, a corporation, and as such manager, and by virtue of his said employment, being then and there intrusted by the State of Arizona Mines Corporation, a corporation, with a certain check, and receiving and having said check in his possession by virtue of his said trust, to wit, a check for the sum of

seven hundred and thirty-one dollars and sixty cents, of the value of seven hundred and thirty-one dollars and sixty cents, in lawful money of the United States; said check being then and there the property of the said State of Arizona Mines Corporation, and received by the said Justin T. Hinds, as aforesaid, in the name and on account of the said State of Arizona Mines Corporation; and the said defendant, Justin T. Hinds, having thereafter, on the said 22d day of September, 1902, cashed the said check at the Bank of Arizona, in Prescott, Arizona, and received the proceeds thereof, to wit, the sum of seven hundred and thirty-one dollars and sixty cents, into his own possession and upon his own account, did then and there unlawfully, feloniously, and fraudulently embezzle and convert to his own use, and not to any use or purpose in the due and lawful execution of his said trust, all of the proceeds of said check, to wit, the sum of seven hundred and thirty-one dollars and sixty cents, contrary to the form, force, and effect of the statute," etc. There was a demurrer to the indictment, and the overruling of the demurrer is assigned as error. It is insisted that the indictment is not "direct and certain," either as regards "the offense charged," or "the particular circumstances . . . necessary to constitute a complete offense," and also "that the facts stated do not constitute a public offense." It is conceded that the prosecution in this case is based upon section 458 of the Penal Code, and the jury was so instructed by the court. The section referred to reads as follows: "Every officer of this territory, or of any county, city or other municipal corporation or subdivision thereof, and every deputy clerk, or servant of any such officer, and every officer, director, trustee, clerk, servant or agent of any association, society or corporation (public or private) who fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession, or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement." The next following four sections define how and under what circumstances embezzlement may also be committed by persons occupying various other relations of trust and confidence, such as carrier, trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, adminis-

trator, collector, bailee, tenant, lodger, clerk, and servant. Our present purpose, however, requires only the consideration of section 458, and a determination as to whether or not the indictment sufficiently describes an offense thereunder. "This section," it has been said by this court, "was meant to apply to persons occupying fiduciary relations, such as public officers, and officers and agents of corporations, public and private. To sustain a conviction under this section, three facts must be shown: (1) The trust relation; (2) the possession or control of property by virtue of the trust; and (3) the fraudulent appropriation of the property, not in the due and lawful execution of the trust." *Territory* v. *Meyer,* 3 Ariz. 199, 24 Pac. 183. Embezzlement was not an offense at common law, but was created by statute to meet a defect in the law of larceny, which required a trespass. Mr. Bishop calls it "a sort of statutory larceny committed by servants and other like persons where there is a trust reposed, and therefore no trespass, so that the act would not be larceny at the common law." 1 Bishop on Criminal Law, sec. 567. Being statutory, it is always within the power of the legislature to declare what acts shall constitute the crime. The trust relation referred to in section 458, as it applies to the case before us, is that which exists between the agent and the corporation. The property which, in the contemplation of that section, may become the subject of embezzlement, is primarily the property of the corporation—property which, having come into his possession or control by virtue of said trust relation, the agent can be required to account for to the corporation. It must be property in which the corporation has at least some qualified ownership. The statute under consideration is one which "fully, directly and expressly, without any uncertainty or ambiguity, sets forth all the elements necessary to constitute the offense," and the pleader could have safely and sufficiently charged the crime in the language of the statute. *People* v. *Mahlman,* 82 Cal. 585, 23 Pac. 145; *People* v. *Ward,* 134 Cal. 301, 66 Pac. 372; *People* v. *Cobler,* 108 Cal. 538, 41 Pac. 401; *United States* v. *Carll,* 105 U. S. 611, 26 L. Ed. 1135. He could also have used other words conveying the same meaning. Pen. Code, sec. 832. But there is a noticeable departure from the phraseology of the statute in the indictment which is before us. In effect, it charges that the

defendant, while acting as the manager of the Prescott Realty Company, a corporation, was intrusted by the State of Arizona Mines Corporation with a certain check, the proceeds of which he embezzled. It is averred that the check was intrusted to the defendant by virtue of his said employment, but it is not alleged what, if any, interest the Prescott Realty Company had in the check, nor that the defendant received it for or on account of his principal. On the contrary, there is the express averment that the check was the property of the said State of Arizona Mines Corporation, and was received by the defendant in the name and on account of said last-mentioned corporation. For whom then was the defendant acting in a fiduciary capacity, according to these allegations? To which corporation was he accountable for the conversion of the property? Or, applying a test plainly warranted by the statute, to whose demand for the return of the property would the defendant comply in order to avoid criminal liability? If the answer must be read in the averments of the indictment, we should not be able to say it was the Prescott Realty Company. The trust relation under which the property was misappropriated, being an essential element of the crime, was required to be clearly and distinctly set forth. It is not so alleged here, and, because the indictment is not "direct and certain" in this regard, it does not conform to the requirements of the code. The judgment will accordingly be reversed, with directions that the district court sustain the demurrer to the indictment.

Doan, J., concurs.

KENT, C. J.—I do not concur in the opinion of the court in this case.