[Criminal No. 223.  Filed March 30, 1906.]

[85 Pac. 651.]

## TERRITORY OF ARIZONA, Appellant, v. JAMES L. MONROE, Respondent.

1. EMBEZZLEMENT—BAILEES—INDICTMENT—SUFFICIENCY — REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 461, CONSTRUED.—Under section 461, *supra,* providing that every person intrusted with any property as bailee, who fraudulently converts the same or the proceeds thereof to his own use, with a fraudulent intent to convert it to his own use, is guilty of embezzlement, an indictment alleging facts showing that accused was a bailee is not defective for failure to designate the accused in terms as bailee.

2. SAME—INDICTMENT—FAILURE TO ALLEGE DEMAND — SUFFICIENCY — REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 461, 463, CONSTRUED.— Where an alleged bailee was indicted for embezzlement under section 461, *supra,* providing that every person intrusted with any property as bailee, who fraudulently converts the same or the proceeds thereof to his own use, is guilty of embezzlement, it was not necessary to allege demand for and refusal to return the property under section 463, *supra,* providing that no person shall be adjudged guilty of embezzlement until a demand for return of the property converted and misappropriated shall have been made . . . the offense under the prior section being complete when the property was fraudulently and feloniously converted.

3. APPEAL AND ERROR—CRIMINAL LAW—JUDGMENT IN FAVOR OF DEFEND-
   ANT—BAR TO FUTURE PROSECUTION—REV. STATS. ARIZ. 1901, PEN.
   CODE, SECS. 1038, 873, CONSTRUED.—Under section 1038, *supra*, pro-
   viding that the "supreme court shall not reverse a judgment in favor
   of a defendant which operates as a bar to future prosecutions for
   the offense," and section 873, *supra*, providing that "if the demurrer
   [to an indictment] be allowed, the judgment shall be final upon the
   indictment demurred to," upon an appeal by the territory from the
   judgment of the trial court sustaining a demurrer to an indictment,
   such judgment, although declared erroneous, will not be reversed.

APPEAL from a judgment of the District Court of the
Fifth Judicial District in and for the County of Graham,
Eugene A. Tucker, Judge, sustaining a demurrer to the indict-
ment. Judgment held error.

The facts are stated in the opinion.

E. S. Clark, Attorney-General, and C. L. Rawlins, District
Attorney, for Appellant.

The indictment was not invalid for the reason that accused
was not designated as bailee, trustee, or lodger, as stated in
paragraph 461 of the Penal Code of Arizona. Paragraph 461
of the Penal Code of Arizona being the same, word for word,
as section 507 of the California Penal Code; the adoption of
a statute from another state adopts with it the construction
placed upon it by the supreme court of that state at the time
of such adoption. *Elias* v. *Territory*, 9 Ariz. 1, 76 Pac. 605;
*Anderson* v. *Territory*, 9 Ariz. 50, 76 Pac. 636; *Santa Cruz
Co.* v. *Barnes*, 9 Ariz. 42, 76 Pac. 621. To sustain a con-
viction under this paragraph, three acts must be shown:
1. The trust relation; 2. The possession or control of the prop-
erty by virtue of the trust; 3. The fraudulent appropriation
of the property, not in the due and lawful execution of the
trust. *Territory* v. *Meyer*, 3 Ariz. 199, 24 Pac. 183; *Hinds* v.
*Territory*, 8 Ariz. 372, 76 Pac. 469. The crime of embezzle-
ment being statutory, it is always within the power of the
legislature to declare what acts shall constitute the crime. The
statute under which this indictment was drawn is one which
"fully, directly and expressly, without any uncertainty or
ambiguity, sets forth all the elements necessary to constitute
the offense." *People* v. *Gordon*, 133 Cal. 328, 85 Am. St. Rep.
174, 65 Pac. 746; *People* v. *Tomlinson*, 66 Cal. 344, 5 Pac. 509;

*People* v. *Mahlman,* 82 Cal. 585, 23 Pac. 145; *People* v. *Page,* 116 Cal. 388, 48 Pac. 326; *People* v. *Ward,* 134 Cal. 301, 66 Pac. 372; *United States* v. *Carll,* 105 U. S. 611, 26 L. Ed. 1135; *United States* v. *Northway,* 120 U. S. 334, 30 L. Ed. 666, 7 Sup. Ct. 584; *United States* v. *Gooding,* 12 Wheat. 459, 6 L. Ed. 693. Such certainty only is required in the indictment as will notify the defendant of the nature of the offense charged and enable him to plead any judgment which may be rendered in the case as a bar to a subsquent prosecution for the same offense. 10 Ency. of Plead. & Prac., pp. 473, 481, and cases cited.

It is not necessary to aver that the owner or bailor has demanded possession of the property and had been refused. *People* v. *Goodrich,* 142 Cal. 216, 75 Pac. 796; *Commonwealth* v. *Mead,* 160 Mass. 319, 35 N. E. 1125; *Commonwealth* v. *Hussey,* 111 Mass. 432; *Commonwealth* v. *Tuckerman,* 10 Gray (Mass.) 173; *Bartley* v. *State,* 53 Neb. 310, 73 N. W. 744; *Wallis* v. *State,* 54 Ark. 611, 16 S. W. 821; *People* v. *Carter,* 122 Mich. 668, 81 N. W. 924; *People* v. *Wyman,* 102 Cal. 552, 36 Pac. 932; *People* v. *Royce,* 106 Cal. 173, 37 Pac. 630, 39 Pac. 524; *Leonard* v. *State,* 7 Tex. App. 417. An indictment for the embezzlement of money held by defendant as bailee, which alleges a fraudulent conversion of the money, is sufficient without alleging a demand for the return thereof. *Commonwealth* v. *Mead, supra; Commonwealth* v. *Hussey, supra; Commonwealth* v. *Tuckerman, supra.* It is the fraudulent and felonious conversion of the money or other property that constitutes the offense, and that may often be proven with or without a demand on the part of the territory. *People* v. *Bidleman,* 104 Cal. 608, 38 Pac. 502; *People* v. *Royce,* 106 Cal. 173, 37 Pac. 630, 39 Pac. 524; *People* v. *Ward,* 134 Cal. 301, 66 Pac. 372; Wharton on Criminal Law, sec. 1030.

It is not necessary to aver or allege that the owner or bailor had demanded possession or return of the property from the bailee, for the further reason that the demand of paragraph 463 is not a constituent part of the definition of the offense, but is a matter of defense and must be shown by the respondent. *Territory* v. *Burns,* 6 Mont. 74, 9 Pac. 432; *United States* v. *Cook,* 84 U. S. (17 Wall.) 168, 21 L. Ed. 538. In the following cases no demand was alleged in the indictment: *Hinds* v. *Territory,* 8 Ariz. 372, 76 Pac. 469; *De Leon* **v.** *Territory,* 9 Ariz. 161, 80 Pac. 348.

CAMPBELL, J.—The defendant was indicted for the crime of embezzlement. A general demurrer to the indictment was sustained, and the attorney-general being of the opinion that error was committed to the prejudice of the territory, and that it is important to a correct and uniform administration of the criminal law that this court should decide the point of law involved, has brought this appeal under the provisions of section 1038 of the Penal Code. The indictment was drawn to charge an offense under section 461 of the Penal Code, which is as follows: "Every person intrusted with any property as bailee, tenant, or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same or the proceeds thereof to his own use, or secretes it or them with a fraudulent intent to convert it to his own use, is guilty of embezzlement." It was urged upon the hearing upon the demurrer that the indictment is defective for the reason that it does not designate in terms the accused as bailee, tenant, or lodger; but it sets out at length facts which made the accused a bailee, and while the pleader might safely have charged the offense in the language of the statute, the fact that he has used other words conveying the same meaning does not render the indictment bad. *Hinds* v. *Territory*, 8 Ariz. 372, 76 Pac. 469.

It was further urged that the indictment is defective for the reason that it does not allege that a demand was made for the return of the property alleged to have been embezzled, and that the defendant failed to return it. Section 463 of the Penal Code, as it was in force at the time the offense is alleged to have been committed, read as follows: "A distinct act of taking is not necessary to constitute embezzlement; but no one shall be adjudged guilty of embezzlement until a demand for the return of the property converted or misappropriated shall have been made, on the one alleged to have converted or misappropriated it, and shall fail to return the same on such demand being made. But no such demand shall be necessary if the defendant abscond or absent himself from the place where such embezzlement is alleged to have been committed, or secrete himself so that he cannot be found at such place." The court below evidently entertained the opinion that the offense is not complete until the bailee fails or refuses to return the property upon demand, and therefore that this element of the

offense should be alleged in the indictment. In our view, the offense, which is purely statutory, is complete when the property is fraudulently and feloniously converted. Refusal to return the property upon demand has always been held to be evidence, and in some cases indispensable evidence, of intentional conversion. That the legislature intended only to provide that evidence of a demand for and refusal to return the property should be indispensable to a conviction in all cases embraced within the statute, is clear. The demurrer to the indictment, in our opinion, should have been overruled. The judgment entered was, therefore, erroneous.

By the statute under which the territory has prosecuted this appeal it is provided that the "supreme court shall not reverse a judgment in favor of a defendant which operates as a bar to future prosecutions for the offense." Rev. Stats. 1901; Pen. Code, sec. 1038. By section 873 of the Penal Code it is provided that "if the demurrer [to an indictment] be allowed, the judgment shall be final upon the indictment demurred to." Therefore this judgment is not reversed.

KENT, C. J., SLOAN, J., NAVE, J., and DOAN, J., concur.