[Criminal No. 279.   Filed April 2, 1910.]

[108 Pac. 224.]

WILLIAM T. DUTTON, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. INDICTMENT AND INFORMATION—SUFFICIENCY OF ACCUSATION—STATUTORY OFFENSES.—An indictment charging the keeping of a disorderly house, specifying the time and location of the house, and charging the offense conjunctively in the language of Penal Code of 1901, section 287, making it a misdemeanor to keep a disorderly house, or any house of public resort whereby the peace, comfort, or decency of the immediate neighborhood is habitually disturbed, is sufficient.

2. CRIMINAL LAW—WITNESSES—CONDUCT OF TRIAL—DUTY OF JUDGE.—The duty of a trial judge, particularly in criminal cases, is more than that of an umpire, and he must see that justice is done to both parties, and hence when satisfied that the facts are not being elicited by questions of counsel, and witnesses show a disposition to evade direct answers, it is not only his right, but his duty, to so question a witness as to bring out the points not made clear by counsel's examination, he having in that respect a wide discretion, the exercise of which will not be reviewed in the absence of abuse, but such examination must not show bias or prejudice, or impress the jury with the belief that the judge is taking sides.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Yuma.   John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

Wupperman & Wupperman, for Appellant.

John B. Wright, Attorney General, for Respondent.

The indictment is sufficient, the offense being alleged in the words of the statute. "An indictment can safely and sufficiently charge a crime in the language of the statute." *Hinds* v. *Territory,* 8 Ariz. 372, 76 Pac. 469. The judge was within his powers when he exercised his discretion in putting questions which will bring out the truth on points not made clear by the examination of counsel. *Looney* v. *People,* 81 Ill. App. 370.

"The trial judge violates no rule of procedure by putting questions to witnesses on their direct or cross-examination." 12 Cyc. 539; *McGinnis* v. *State,* 31 Ga. 236; *Long* v. *State,* 95 Ind. 481; *State* v. *Spiers,* 103 Iowa, 711, 73 N. W. 343; *State* v. *Green,* 36 La. Ann. 185; *Commonwealth* v. *Galavan,* 9 Allen (Mass.), 271; *State* v. *Hargroves,* 104 Tenn. 112, 56 S. W. 851; *Malcek* v. *State,* 33 Tex. Cr. 14, 24 S. W. 417; *Yanke* v. *State,* 51 Wis. 464, 8 N. W. 276.

KENT, C. J.—It is complained that the indictment is insufficient. Our statute makes it a misdemeanor to keep a disorderly house or any house of public resort whereby the peace, comfort, or decency of the immediate neighborhood is habitually disturbed. Penal Code 1901, sec. 287. The indictment, specifying the time and the location of the house in the town of Yuma, charged the offense conjunctively in the language of the statute. The statute setting forth fully and without any uncertainty or ambiguity all the elements necessary to constitute the offense, an indictment so couched in the language of the statute is sufficient. *Hinds* v. *Territory,* 8 Ariz. 372, 76 Pac. 469; *Killman* v. *State,* 2 Tex. App. 222, 28 Am. Rep. 432; 14 Cyc. 495.

The only other question raised which requires notice is the alleged error of the trial judge in putting questions to the various witnesses; the contention of the appellant being that in the extent of such examination the judge invaded the province of counsel, and by such examination and its extent gave to the jury the impression that the judge believed in the appellant's guilt. The erroneous idea that the whole duty of the trial judge is performed if he sits as an umpire, as it were, to see that the contest before him, in which he takes no part,

is waged according to rule, is one that unfortunately has grown rather than decreased of late in this country, fostered as it has been by many and often unwise restrictive legislative provisions. The duty of a trial judge, particularly in criminal proceedings, is more than that of the umpire; it is primarily his duty in such proceedings to see that justice is done both to the man accused of crime and to the people, his accusers. Therefore, when in such case the judge is satisfied that the facts or the truth are not being elicited by the questions of counsel, and the witnesses show a disposition to evade direct answers, it is not only his right, but it is his duty, to put questions to the witnesses which will bring out the points not made clear by the examination of counsel. In this regard he has a wide latitude and discretion, the exercise of which discretion will not be reviewed on appeal except in case of abuse thereof. The examination must be so conducted, however, as not to show bias or prejudice, or to impress the jury with the belief that the judge is taking sides. *Looney* v. *People,* 81 Ill. App. 370; *State* v. *Crotts,* 22 Wash. 245, 60 Pac. 403; *State* v. *Lee,* 80 N. C. 483; *State* v. *Spiers,* 103 Iowa, 711, 73 N. W. 343. A careful examination of the record leads us to the conclusion that, while the trial judge participated extensively in the examination of several witnesses, and perhaps unnecessarily so in a case where the subsequent proof of the defendant's guilt seems abundant, yet the questions asked were carefully framed and free from imputation of guilt to the defendant. It seems apparent from the record that the judge felt that the questions of counsel were not well calculated to develop the material facts, and that it was incumbent upon him to supplement the questions asked by counsel in order that the jury might have before them facts which counsel had failed to elicit.

We believe that the trial judge went further in his investigation than was in some instances essential or perhaps desirable; but we cannot say, viewing the record as a whole, that in so doing he abused the discretion vested in him so as to warrant a reversal of the case.

DOAN, LEWIS, and DOE, JJ., concur.