[Criminal No. 455. Filed December 14, 1918.]

[176 Pac. 582.]

## JOE MARTINEZ, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—STATUTORY LANGUAGE—SUFFICIENCY. An indictment charging in the words of Penal Code of Arizona of 1913, section 537, that defendant willfully and feloniously mingled gold with a sample of gold-bearing ore, etc., with intent to cheat and defraud other persons, is sufficient, as the statute describes the acts which shall constitute the offense.

2. FALSE PRETENSES—INJURY.—In a prosecution under Penal Code of Arizona of 1913, section 537, where defendant was charged with mingling gold with gold-bearing ore, with intent to defraud third persons, the fact that they were not injured by defendant's acts is no defense.

3. CRIMINAL LAW—APPEAL.—The supreme court will examine the record in a criminal case, though there is no abstract of the record, brief or assignment of errors, etc.

4. CRIMINAL LAW—APPEAL—VERDICTS.—Where there is substantial evidence tending to prove defendant's guilt and the trial court refuses to set aside the verdict of conviction, the appellate court will not ordinarily reverse the action of both the trial court and jury.

[As to when indictment and information, charging crime, may be in the language of the statute, see note in 94 Am. Dec. 253.]

APPEAL from a judgment of the Superior Court of the county of Yuma. John A. Ellis, Judge. Affirmed.

Mr. Henry C. Kelly, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. H. Wupperman, County Attorney, for the State.

JOHN WILSON ROSS, J.—This is a criminal cause prosecuted under section 537, Penal Code of Arizona of 1913, and is appealed from the superior court of Yuma county, Arizona.

The defendant was prosecuted on the information of the county attorney of Yuma county. The charging part of the information material to a good understanding of the offense for which defendant was prosecuted reads as follows:

" . . . The said Joe Martinez . . . did then and there willfully, unlawfully and feloniously mingle, and cause to be mingled, a metal, to wit, gold, with a sample of gold-bearing

ore, which was then and there in the bottom of a test hole on placer ground, which said placer ground was then and there being sampled to prove its value; and did then and there and thereby change the value of said gold-bearing ore, with intent then and there to deceive, cheat and defraud other persons, to wit, James Atkins and M. C. Hubble.''

The information closely follows the statute covering the offense charged. The attorney for defendant interposed special and general demurrers to the information, which were by the court overruled. The cause was tried by a jury, and the defendant was, on the fifth day of February, 1917, convicted of the offense charged in the information, and the court by its judgment and sentence imposed a fine of $500 and in default of the payment thereof defendant was required to serve time therefor in the county jail at the rate of $3 *per diem.* After the judgment of conviction and sentence, defendant filed his motion for a new trial, which motion the court overruled. Defendant, in due time, filed in the court below notice of appeal from the judgment and the order denying the motion for a new trial.

Paraphrasing the offense charged in the information, we would read it as follows: Joe Martinez mingled gold with a sample of gold-bearing ore, thereby changing the value of such sample with intent to deceive, cheat and defraud another. The offense is purely a statutory one. In the information the time, place, and circumstances are stated with certainty, and all knowledge is given to the defendant which is necessary to enable him to answer the charge. The rule is that the information is sufficient when it describes the offense substantially in the language of the statute.

''This undoubtedly is the general rule, but, as has been said, such rule simply means that, when the statute defines or describes the acts which shall constitute a particular offense, it is sufficient in an indictment to describe those acts in the language employed in the statute; applying them, of course, concretely, to the person charged.'' *Cluff* v. *State,* 16 Ariz. 179, 142 Pac. 644; *Dutton* v. *Territory,* 13 Ariz. 7, 108 Pac. 224; *People* v. *Mahony,* 145 Cal. 104, 78 Pac. 354; *People* v. *Ward,* 110 Cal. 369, 42 Pac. 894.

In our Penal Code, *supra,* the acts descriptive of the offense are given, and in such case the statutory description gives to the accused sufficient notice of the charge against him. So,

we conclude that the information states facts constituting the public offense charged, and is invulnerable against defendant's demurrers.

When the defendant had done the acts denounced in the information, the crime was consummated, and, while no one was injured by his acts, that is immaterial. The doing of the acts constitutes the crime.

Finally, our inquiry leads us to ask the question: Did the defendant do the acts charged in the information?

The record before the court consists of the information, defendant's demurrers, the verdict of the jury, the judgment and sentence of the court, motion for a new trial, notice of appeal, and a certified copy of the transcript of the evidence.

We have made a careful and painstaking examination of the entire record. Counsel for defendant has failed to file any brief or abstract of the record, or make any oral argument to the court, or in any way to point out any errors, and we fail to find any prejudicial errors in the record before us.

"The supreme court will examine the record in a criminal case, though there is no abstract of the record, brief, or assignments of errors filed, and no particular specification of any prejudicial error." *Murdock* v. *Territory,* 14 Ariz. 5, 123 Pac. 315.

There is some evidence of a substantial nature in the transcript of the evidence tending to prove that the defendant committed the offense denounced in the statute.

"As a general rule, where there is material evidence tending to prove defendant's guilt, and the trial court refuses to set the verdict aside, an appellate court will not reverse the action of both the trial court and the jury." *Marinoni* v. *State,* 15 Ariz. 94, 136 Pac. 626.

"Under the law making the jury the sole judges of the credibility of the witnesses and the weight and effect to be given to their testimony, where, though the evidence is conflicting, there is substantial evidence in support of the jury's finding, the verdict will not be disturbed." *Young Chung* v. *State,* 15 Ariz. 79, 136 Pac. 631.

We conclude there is sufficient evidence in the record tending to prove that defendant committed the crime denounced in the statute.

The judgment is affirmed.

CUNNINGHAM, C. J., and HENRY D. ROSS, J., concur.