406 P.2d 427

**STATE of Arizona, Appellee,**

v.

**Mary Carmen MENDEZ aka Mary Carmen Campillo, Appellant.***

**No. I CA–CR 28.**

Court of Appeals of Arizona.

Oct. 14, 1965.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1465. The matter was referred to this Court pursuant to Section 12-120.23 A.R.S.

78

Robert W. Pickrell, Former Atty. Gen., Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Peterson, Estrada, Matz & Machmer and Frank Gabusi, Jr., by Frank Gabusi, Jr., Phoenix, for appellant.

CAMERON, Judge.

Mary Carmen Mendez aka Mary Carmen Campillo was charged with petty theft (A. R.S. § 13–663, subsec. B) committed with a prior conviction for petty theft (A.R.S. § 13–1649) a felony, and was convicted by a jury and sentenced to the Arizona State Prison for a term of not less than one year nor more than eighteen months. From this conviction and sentence the defendant appeals.

The defendant raises three questions on appeal. Defendant first asserts that there was prejudicial error in testimony which allegedly inferred prior bad acts of the defendant. Two, that the trial court committed prejudicial error by engaging in questioning of a witness and aiding the State's counsel in preparing a foundation for the presentation of the evidence, and three, that a prior conviction which, though it has never been rendered invalid, is not sufficient to support sentencing the defendant as a prior offender, a felony, where the defendant was not represented by counsel at the time of the prior judgment. The facts as are necessary for a determination of this matter on appeal are as follows:

The defendant, in company with another woman, entered the Totem Department Store in Phoenix, Arizona, on or about the 8th day of August, 1963. Witnesses testified that the two women took several pairs

of trousers from a bin in the store, and concealed them under their skirts, after which they left the store without paying for them. Two store employees who were watching the defendant and the other woman without their knowledge, apprehended them at their car as they were unloading the trousers. The testimony of the arresting officer, to which defendant objects, is as follows:

"Question: What was the substance of the conversation you had with the defendant?

"Answer: I had to ask the woman if she had ever done this before.

"Mr. Gabusi: Well, if the court please, I will object. Immaterial and irrelevant.

"The Court: Yes, it is. * * *"

The defendant claimed that this testimony conveyed evidence of a prior offense of this type and prejudiced her by implying that she had a criminal record. Defendant cites State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964), in which the Supreme Court of Arizona found it to be prejudicial error for a police officer to be permitted to suggest the existence of a criminal record on the part of the defendant. In State v. Gallagher, however, defendant raised the issue and asked for a mistrial. Having failed to properly raise the issue below, the defendant may not raise the issue here for the first time. Our Supreme Court has stated:

"Appellant's attorney objected to the question and his objection was sustained. No request was made that the jury be admonished to disregard the inference suggested by the question. Where there is a failure to request an instruction that the jury disregard the question or to ask for a mistrial, no predicate for an appeal exists. The trial court must be given the opportunity to correct asserted errors before an appellate court will listen to a plea that an injustice has been perpetrated." State v. Hernandez, 96 Ariz. 28, 33, 391 P.2d 586, 589 (1964).

However, even assuming that this matter had been properly raised and that it was error, from reading the entire record we find that there is no reasonable probability that the verdict might have been different had the error not been committed. State v. Ybarra, 97 Ariz. 200, 398 P.2d 905 (1965). The testimony taken as a whole was sufficiently strong to support the conviction of the defendant in spite of the alleged error.

After the verdict of guilty of the crime of petty theft, the court then reconvened the same jury, and, after further evidence, submitted to them the question of prior conviction. (Rule 180, Rules of Criminal Procedure, 17 A.R.S.). In attempting to get into evidence a record of the defendant's previous conviction for petty theft, the court took over the questioning of the witness after the defendant had objected to the admission of the record:

"Question: (By the Court) Is this a record kept in the regular course of your business?

"Answer: Yes.

"Question: Is a regular record kept in the course of your regular business?

"Answer: Yes.

"Question: Are you the custodian?

"Answer: Yes, sir."

The defendant objects that the above mentioned is prohibited by Article 6, Section 27 of the Arizona Constitution, A.R.S., which reads in part as follows:

"Section 27. Judges shall not charge the juries with respect to matters of fact, nor comment thereon, but shall declare the law."

We do not think that the questions by the court constituted comment on the facts in this case. It has long been settled that the trial judge is not a mere moderator, but has active duties to perform without partiality to see that truth is developed, and in his discretion he may ask questions to elicit the material evidence. Dutton v. Territory, 13 Ariz. 7, 108 P. 224 (1910),

State v. Cruce, 61 Ariz. 233, 147 P.2d 698 (1944). Also Rule 271 of the Rules of Criminal Procedure states that:

> "It shall be the duty of the court to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, for the purpose of expeditious and and effective ascertainment of the entire truth regarding the matters involved."

While we do not find a presence of error we do not commend judicial questioning in the presence of the jury, whether on the issue of guilt of the crime charged or as here, on foundation for proof of a prior conviction.

The final question raised by the defendant concerns the validity of the prior misdemeanor conviction which, when established, raises the petty theft conviction from a misdemeanor to a felony. Defendant asserts that under the provisions of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1964), since the defendant was not represented by counsel at the time she was convicted of the prior offense of petty theft, that prior conviction may not be used in the instant case to raise the crime from a misdemeanor to a felony. Defendant points out the case of United States ex rel. Durocher v. La Vallee, 2 Cir., 330 F.2d 303, cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964), as support for this position.

In that case, the court was concerned with a direct attack by habeas corpus upon the validity of the prior felony convictions allegedly made contrary to the rule set down in Gideon v. Wainwright. We believe and therefore hold that the rule in Gideon v. Wainwright does not apply here to what amounts to a collateral attack upon a prior misdemeanor conviction. There was nothing before the court to indicate that defendant's prior conviction had been set aside or invalidated by appeal or other-

wise. The prior conviction must be considered valid, until successfully attacked through recognized judicial procedure.

For a discussion of the burden of proof necessary to establish a prima facie case of prior conviction, see State v. Cobb, 2 Ariz.App. 71, 406 P.2d 421, (1965), decided this day.

The decision of the lower court is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.