406 P.2d 865

STATE of Arizona, Appellee,

v.

Virgil Lee EDGE, Appellant.

No. 2 CA–CR 35.

Court of Appeals of Arizona.

Oct. 26, 1965.

---

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Wes Polley, Bisbee, for appellant.

KRUCKER, Chief Judge.

This is an appeal from the Superior Court of Cochise County. The appellant had been arraigned on an information charging burglary, first degree and, on December 6, 1962, entered a plea of guilty to the information and was placed on probation. Probation was revoked February 3, 1964, and the appellant was sentenced to the Arizona State Prison.

An appeal was taken to the Supreme Court of the State of Arizona, State v. Edge, 96 Ariz. 302, 394 P.2d 418 (1964).

The decision in the foregoing case (State v. Edge) seems to resolve all of the questions in this appeal and appellant states in his brief that the opinion states the facts leading to this appeal.

**148**

On May 13, 1965, appellant filed in the trial court a "Motion to Vacate Sentence and Judgment", which was heard and denied on May 25, 1965, and this appeal resulted.

Appellant's counsel states that the issues presented for review are as follows:

1. Was it mandatory that the State of Arizona provide counsel to represent the defendant during proceedings surrounding the revocation of the order suspending his sentence or revocation, as we see it, of his probation.

2. Did the defendant effectively and intelligently waive his right to counsel.

3. Did the defendant intelligently, effectively and irrevocably waive his right to counsel.

The second and third stated issues seem to be the same. All three were decided and resolved in State v. Edge, supra. The Supreme Court held in that opinion:

> "The record reveals that appellant specifically waived his right to counsel at his arraignment, at which time he also entered his plea of guilty to the charge. The record is silent as to any request for counsel at the hearing of February 3, 1964; however, this is of no consequence. This question has been decided by the federal courts in the cases of United States v. Huggins (C.A.Ind., 1950), 184 F.2d 866 and Gillespie v. Hunter (C.C.A.Kan., 1947), 159 F.2d 410. These cases held that where defendant upon arraignment waived his right to counsel, such waiver continued in effect throughout the proceedings and remained in effect when defendant was subsequently returned to court for violation of probation."

In the appeal before this Court, we hold that the order denying the Motion to Vacate Sentence and Judgment is not an appealable order.

A.R.S. § 13-1713 reads as follows:

"An appeal may be taken by the defendant only from:

1. A final judgment of conviction.

2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive."

The only "Order" made after judgment affecting the substantial rights of defendant was the order of February 3, 1964, revoking probation. As previously stated, this order has already been the subject of appeal to the Supreme Court of this State.

Appellant now attempts to appeal from denial of his "Motion to Vacate Sentence and Judgment". There has already been an appeal from the original "Judgment" of December 6, 1962.

We hold that the order of May 25, 1965, denying appellant's Motion to Vacate Sentence and Judgment is not an appealable order as defined by A.R.S. § 13-1713. The appeal is, therefore, dismissed.

HATHAWAY and MOLLOY, JJ., concur.