412 P.2d 289

The STATE of Arizona, Appellee,

v.

Charles Alvarez SALAZAR, Appellant.

No. 2 CA–CR 43.

Court of Appeals of Arizona.

March 23, 1966.

**115**

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., Carl Waag, Deputy County Atty., Pima County, Tucson, for appellee.

Arthur W. Vance, Jr., Tucson, for appellant.

KRUCKER, Chief Judge.

Appellant, Charles Alvarez Salazar, appeals from his conviction and sentence to imprisonment for a term of not less than one and one-half years, nor more than two years.

The record discloses that an information was filed on April 29, 1965, charging appellant with violation of A.R.S. § 13–531, indecent exposure, with a prior conviction, and counsel was appointed to defend. The

appellant was arraigned on May 4, 1965, entered a plea of not guilty to the charge, and denied the prior conviction. On June 1, 1965, appellant filed a motion to suppress the evidence of any prior conviction, as set out in the information. The motion was heard and denied with leave to raise the question again at the trial. Thereafter, the matter was tried to the court, the appellant having waived trial by jury. The motion to suppress was renewed but again denied and the prosecution was permitted to present evidence regarding the prior conviction. Appellant was found guilty of the crime charged and was sentenced in accordance with the mandates of A.R.S. § 13–1649, requiring increased punishment for subsequent offenses committed within the state. From that judgment and sentence appellant appeals.

Two issues are raised: (1) that the trial court erred in denying appellant's motion to suppress evidence of the prior conviction on grounds that he had been denied the assistance of counsel during the prior proceedings; and (2) that the trial court erred in admitting a certified copy of the record of the prior conviction signed by the City Magistrate before whom the appellant was convicted and sentenced because it failed to comply with Rule 44, Arizona Rules of Civil Procedure, 16 A.R.S.

What appears to be the central issue in this appeal under the first assignment of error has been given only scant attention in the briefs submitted. Appellant's contention that the trial court erred in denying his motion to suppress evidence of the prior conviction constitutes an attempt to collaterally attack the validity of the prior conviction and sentence. Such contention is based on the alleged ground that the appellant was not accorded the right to counsel during the prior conviction proceedings. We have reviewed the authorities and conclude that a determination of appellant's right to counsel during the prior conviction proceedings is not required since we hold that the appellant cannot now, long after the opportunity

to appeal the prior conviction has elapsed, collaterally attack its validity. It is our opinion that the state legislature, in adopting A.R.S. § 13–1649, never intended to provide a defendant with the opportunity to retry his prior conviction when brought to light during sentencing upon a subsequent conviction. Nor do we think that constitutional mandates of due process require such review.

Appellant relies heavily on the doctrine of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), but we do not believe that case is controlling in this matter. We conclude, however, that the case of State v. Mendez, a. k. a. Campillo, 2 Ariz.App. 77, 406 P.2d 427 (1965), is particularly in point to a determination of this appeal, since the facts of that case are quite similar to those before this Court.

In the Mendez case, supra, the defendant was charged with petty theft with a prior conviction. Upon a verdict of guilty, the jury reconvened to hear evidence regarding the prior conviction under Rule 180, Arizona Rules of Criminal Procedure, 17 A.R.S. From the imposition of an increased sentence under A.R.S. § 13–1649, the defendant appealed asserting that the prior conviction was invalid since she was not represented by counsel during the prior conviction proceedings. The Arizona Court of Appeals, Division One, stated in particularly appropriate language in the Mendez case, supra, at 406 P.2d 430, as determinative of this issue, that:

> "The final question raised by the defendant concerns the validity of the prior misdemeanor conviction which, when established, raises the petty theft conviction from a misdemeanor to a felony. Defendant asserts that under the provisions of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1964), since the defendant was not represented by counsel at the time she was convicted of the prior offense of petty theft, that prior conviction may not be used in the instant case to raise the crime from a misdemeanor to a felony. Defendant

points out the case of United States ex rel. Durocher v. LaVallee, 2 Cir., 330 F.2d 303, cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964), as support for this position.

"In that case, the court was concerned with a direct attack by habeas corpus upon the validity of the prior felony convictions allegedly made contrary to the rule set down in Gideon v. Wainwright. We believe and therefore hold that the rule in Gideon v. Wainwright does not apply hereto what amounts to a collateral attack upon a prior misdemeanor conviction. There was nothing before the court to indicate that defendant's prior conviction had been set aside or invalidated by appeal or otherwise. The prior conviction must be considered valid, until successfully attacked through recognized judicial procedure."

The second assignment of error concerns the admission of a certified copy of the prior conviction signed by the City Magistrate who convicted and committed appellant under the prior offense. Appellant contends that the procedure for presenting evidence of a prior conviction by document is set out in Rule 44, Arizona Rules of Civil Procedure, 16 A.R.S., and that this rule precludes the admission of this report since it was not signed by the person having custody of the official records, nor was it accompanied by a certificate that such person had custody.

In proving a prior conviction there are basically two requirements: (a) positive identification of the accused as the same person previously convicted; and (b) proper proof of the prior conviction itself. State v. Cobb, 2 Ariz.App. 71, 406 P.2d 421 (1965).

In the case before us, a police officer testified he was present in open court when the appellant pleaded guilty to the prior offense and identified the appellant as that same person. This satisfies requirement (a) above; however, this question has not been raised in this appeal.

The prosecution then offered a certified copy of the record of the prior proceedings in the police court, signed by the magistrate, showing, among other things, the plea of guilty and the judgment of guilty on May 18, 1964. This document was sealed with a "Court Seal, City Court of the City of Tucson, County of Pima, State of Arizona" and was admitted in evidence over appellant's objection. The trial court held that this evidence constituted sufficient proof of the prior conviction and sentenced appellant in accordance with A.R.S. § 13–1649.

Appellant contends that the certified copy of the record of the prior conviction was erroneously admitted. Rule 44(g), Arizona Rules of Civil Procedure, 16 A.R.S., provides in part:

"1. An official record or an entry therein, when admissible for any purpose, *may* be evidenced by an official publication thereof *or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody.*

"2. If the office in which the record is kept is within the United States * * the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, *or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.*" (Emphasis supplied.)

The public documents exception to the hearsay rule is of common law origin. The rule allows the admission in evidence of copies of official records or acts of public officers based on the principle of necessity and expediency when there is sufficient circumstantial probability of trustworthiness. V Wigmore, Evidence §§ 1631, 1632 (3d ed. 1940). Rule 44(g), while it codifies a portion of this common law, is permissive and not exclusive of

other methods of authentication. Rule 44 (i), Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"This Rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by any applicable statute or by the rules of evidence at common law."

However, if Rule 44(g) is satisfied there would be no error so we will direct our inquiry first to determining whether the certificate before us is in compliance with Rule 44(g).

A City Magistrate is a public official having official duties. Tucson City Charter, Chapter V, § 2, Chapter XII, § 3; Tucson Code (1953 Code, Chapter VIII, § 8–2); A.R.S., § 38–101(3). However, our research has failed to disclose any authority providing for a seal of the City Court either in the Tucson Code, the Tucson Charter or in the Arizona Revised Statutes.[1] The Constitution of Arizona, Article 22, § 10, A.R.S., provides for seals of municipalities. Chapter IV, § 1(2), of the Charter of the City of Tucson, provides that the City of Tucson shall "have and use a corporate seal and alter it at pleasure." Chapter X, § 10, of the Tucson City Charter provides that the City Clerk "shall have the custody and be responsible for the corporate seal of the city," and "all books, papers, records and archives belonging to the city, * * *" Since the City Court seal cannot be accorded official or common law recognition,[2] it must be concluded that Rule 44(g) is not satisfied by the facts of this case.

Regarding custody of court records in satisfying the principle of trustworthiness as contained in Rule 44(g), generally "[t]he clerk is the proper custodian of court records." Commonwealth v. Rondoni, 333 Mass. 384, 131 N.E.2d 187 (1955). In addition, A.R.S. §§ 11–552, 11–553, 12–120.09 and 12–202 prescribe duties of the Superior Court, the Court of Appeals and the Supreme Court Clerks of Arizona, which duties appear to include custody of the official records; we find no statutory or charter provision for a clerk of a Magistrate's Court. However, A.R.S. § 22–422, provides:

"A docket shall be kept by the police justice, in which there shall be entered each action and proceedings of the court therein."

Further, A.R.S. § 22–401, defines the term "police court" as including "police judges' or police magistrates' courts and all other courts established by law in incorporated cities and towns." We, therefore, conclude that the City Magistrate is the official custodian of court records in the City Court of the City of Tucson.

In accordance with these conclusions, we believe that the procedure, as permitted by Rule 44(g), and as applied to cases such as appears before us, would be to have the City Magistrate, as official custodian of City Court records, certify a record therefrom. Such record should then be authenticated by a certificate of the City Clerk, affixing the seal of the City of Tucson thereto, or by a certificate of a judge of a court of record whose jurisdiction includes the City of Tucson, affixing

---

1. A.R.S. §§ 12–126, 12–120.05, and 12–103, provide for a seal of the Superior Courts, the Court of Appeals, and Supreme Court of Arizona, respectively.

2. In VII Wigmore, Evidence § 2161 (3d ed. 1940), page 634, Wigmore quotes the following with approval:
   "Though anyone whosoever could possess a seal, yet these private persons' seals had no other credit than to-day is accorded to a personal signature or seal. * * * Ever since the begin-

ning of the 1200s we find the laws and treatises using the expression 'authentic seal' ('sigillum authenticum'); under this term the lawyers recognized only the seals of persons or groups having a legal jurisdictional authority, viz., sovereigns, feudal lords, bishops, churches, and municipalities."
In addition, it is noted in VII Wigmore, Evidence § 2164 (3d ed. 1940), page 648, that "A justice of the peace's court is not at common law a court of record, nor does it possess a seal."

the seal of that court thereto, that the City Magistrate is the official custodian of such record and incumbent in that office.

In the case before us, the appellant does not challenge the fact of the prior conviction or contend that he is not the same person who appeared before Magistrate Gatewood in City Court, pleaded guilty to the crime alleged as a prior conviction in this matter, and was sentenced thereon. Nor does appellant challenge the fact that Charles Gatewood was in fact that magistrate of the City Court before whom he was convicted and sentenced under the prior conviction or that the copy of the official record of such conviction was not in fact signed by Magistrate Gatewood. It is merely contended that the technical formalities of Rule 44(g) have been violated through failure to authenticate properly the copy of the court record of appellant's prior conviction.

Although it has been noted that the technical formalities of Rule 44(g) have not been observed in this case, we hold that reversible error has not been committed. The record in this case discloses that a police officer testified as to the identity of appellant in relation to the prior conviction, that in connection with the motion to suppress evidence the defendant filed an affidavit admitting the prior conviction, and Magistrate Gatewood filed an affidavit concerning the prior conviction. Considering these facts in conjunction with the copy of the official record of appellant's prior conviction, as well as the fact that the superior court judge who admitted this certificate in evidence is one of the officers who could have certified to Magistrate Gatewood's custody of City Court records and incumbency in office under Rule 44 (g), we believe that a reversal for the technical error committed would violate Article 6, § 27 of the Arizona Constitution. Article 6, § 27 provides:

"* * * No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

In accordance with this doctrine, the judgment of the lower court is affirmed.

HATHAWAY and MOLLOY, JJ., concur.