412 P.2d 876

**The STATE of Arizona, Appellee,**

**v.**

**Nacho GARCIA, Appellant.**

**No. 2 CA–CR 52.**

Court of Appeals of Arizona.

April 13, 1966.

Rehearing Denied May 2, 1966.

Review Denied June 7, 1966.

———◆———

Nacho Garcia, pro. per.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Chief Judge.

The appellant, Nacho Garcia, defendant below, was convicted in the Superior Court of Pima County, Arizona and sentenced on May 8, 1963, to a term of not less than seven nor more than fifteen years. The charge was illegal possession of marijuana, with a prior conviction alleged. The case was tried before the court without a jury.

An appeal was taken to the Arizona Supreme Court and the judgment was affirmed in State v. Garcia, 97 Ariz. 102, 397 P.2d 214 (1964).

The prior conviction alleged under A.R.S. § 13–1649 occurred January 14, 1933. Appellant filed a motion to vacate the judgment and sentence on grounds that he was not afforded counsel at the time of the prior conviction in 1933. On November 17, 1965, the motion was denied and this appeal is from the denial of that motion.

■ Appellant is, in effect, asking this Court to reverse the lower court ruling on the motion to vacate judgment and sentence entered 33 years ago, on the grounds that appellant did not have counsel at the 1933 conviction and relies on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). The State relies on this Court's opinion in State v. Edge, 2 Ariz. App. 147, 406 P.2d 865 (1965), holding that

a denial of a motion to vacate judgment and sentence is not an appealable order. Under the provisions of A.R.S. § 13–1713, we must hold, as we did in Edge, that the order is not appealable.

■ Further, we hold, as we did in State v. Salazar, 3 Ariz.App. 114, 412 P.2d 289 (March 23, 1966), that the validity of the prior conviction may not be subjected to collateral attack, particularly after a lapse of 33 years. See also State v. Mendez, 2 Ariz.App. 77, 406 P.2d 427 (1965). We again hold that the rule in Gideon v. Wainwright, supra, does not apply here, in what amounts to a collateral attack upon a prior conviction.

The record before us indicates that the appellant, in the 1933 case, waived his preliminary hearing, entered a plea of guilty, and was sentenced to a term of eighteen months to two years.

Appellant relies on Commonwealth of Pennsylvania v. Garner, 196 Pa.Super. 578, 176 A.2d 177 (1961), in which case Garner sought to expunge the record of a prior conviction in Pennsylvania to enable him to reduce a sentence imposed on him as a second felony offender by the State of New York. Garner alleged that he was denied the right to counsel in his prior conviction in Pennsylvania and that he was entitled to have the conviction set aside in view of Gideon v. Wainwright, supra. The Pennsylvania court denied Garner's petition, the United States Supreme Court granted certiorari and vacated and remanded the case for further consideration in the light of the Gideon case. Garner v. Pennsylvania, 372 U.S. 768, 10 L.Ed.2d 138, 83 S.Ct. 1105 (1963). In compliance therewith, the Pennsylvania court reconsidered the matter and in the second Garner case, Commonwealth of Pennsylvania v. Garner, 204 Pa.Super. 227, 203 A.2d 333, at 335 (1964), dismissed Garner's petition stating:

"When this matter was before us in 1961 we held that the question of petitioner's right to counsel was moot. Following the return of this case it was reconsidered but we are of the same opin-

ion that there is no jurisdiction remaining over the petitioner or the subject matter of his petition. Since Garner was discharged from parole in November, 1960, we conclude that Pennsylvania jurisdiction over Garner and over his judgment of sentence terminated at that time. Generally, where a sentence has been fully executed, the power of the court to modify or amend the sentence or to impose a new sentence is gone, whether or not the term has expired. * * *"

The judgment is affirmed.

HATHAWAY and MOLLOY, JJ., concur.