[Criminal No. 936.   Filed April 10, 1944.]

[147 Pac. (2d)  698.]

THE STATE OF ARIZONA, Appellee, v. EVA WILBUR CRUCE, Appellant.

Mr. Joe Conway, Attorney General and Mr. Thomas J. Croaff, Assistant Attorney General, for Appellee.

Mr. Joseph B. Judge, for Appellant.

ROSS, J.—Eva Wilbur Cruce in April, 1943, was tried and convicted jointly with Luis Lopez, (1) of feloniously marking and branding a six months old paint colt, the property of another person, (2) of feloniously killing a certain bay mare branded 4F, the property of one Carlos Ybarra, (3) of feloniously stealing a certain six months old paint colt, the property of said Carlos Ybarra, and (4) with unlawfully taking such colt from its range without the owner's consent; the first three charges being felonies and the last a misdemeanor.

Defendant has appealed from the judgment of conviction, claiming she was prejudiced by the court's ruling on the admission of certain evidence over her objections, in the court's commenting on the evidence, and in an instruction. The instruction defendant asserts was erroneous and harmful was in the following words:

"You may consider the consistency or inconsistency of their statements, whether or not their statements are reasonable and logical, and all of those elements and any other elements, and any other matters that may have occurred to you during the trial of this case as it has been presented to you here in the court room."

The part of this instruction complained of is the following excerpt therefrom: "You may consider . . . or any other matter that may have occurred to you during the trial of this case . . . ."

■■ This excerpt does not reflect the meaning of the instruction. The instruction must be read and considered as a whole. We think by its very terms it limits the jury to a consideration of the evidence and proceedings, both for and against the defendant, presented in the course of the trial before the court "in the court room." It means the jury's reasons and

conclusions must be controlled by the evidence as heard in the trial.

The next assignment of error concerns the order of proof. It appears that after both the state and defendant had introduced their evidence in support of and against the charges, the state was permitted to recall the defendant, who had testified in her own behalf, and ask her certain questions for the purpose of impeachment.

It is admitted by the defendant that the order in which evidence is offered and admitted is largely in the court's discretion, but in this case she contends the court abused its discretion, which substantially affected defendant's right to a fair and impartial trial.

A careful examination of the record impresses us that the court's ruling was not erroneous but permissible. See *Hamit* v. *State,* 42 Okl. Cr. 168, 275 Pac. 361; *Spadachene* v. *State,* 137 Tex. Cr. R. 26, 127 S. W. (2d) 466, 468. In this last case the court said:

" . . . It is a well recognized rule of long standing in this state that a defendant, or any other witness, may be recalled for further cross-examination, or for the purpose of laying a predicate to impeach said witness. The recalling of the witness does not, of itself, make him the witness of the party recalling him. (Citing cases.)"

The next assignment concerns the admissibility of evidence for impeachment purposes. Defendant, on direct examination by her attorney, testified that when her father died in 1933 she believed "we had over 250 (head of cattle) or something like that." She also testified that in the EW brand, which was hers, there were "maybe 700 or 800" (head of horses). Again later on she said when her father died he had about 700 head of horses. In the ten years

since the cattle had dwindled down to about 30 and the horses to about 70 head.

Exhibit "D" was offered and admitted in evidence, over defendant's objection, as stated below. It was the inventory and appraisement of defendant's father's estate, of which she was the administratrix, and the correctness of which is verified by her. In such inventory there was listed as belonging to the estate only "10 or 15 head of cattle running under the brand known as the S/C brand," value $200. The admission of this inventory, defendant insists, was prejudicial error.

A careful examination of the record as to what took place upon the admission of Exhibit "D" discloses that the objection to its admission was the order in which it was offered. Counsel's objection was in these words: "But now to call her (defendant) after they have rested, they rest, we rest, their rebuttal, and they want to call her again, they say, to make her their witness. There is no such proceeding." It is suggested by counsel for defendant that all the testimony concerning Exhibit "D" is wholly immaterial and irrelevant. Granted, yet it was the defendant who first injected into the case evidence of the number of horses and cattle belonging to defendant and her father at the time of his death. On cross-examination the county attorney used Exhibit "D" to contradict her testimony in chief as to the number of animals owned by her and her father at that time. If it be conceded all such testimony was irrelevant and immaterial, both that for defendant and the state, it was first introduced into the case by the defendant.

The issue in this case, as made by the evidence, was whether or not the animals defendant was charged with having unlawfully and feloniously converted were hers, or the property of Ybarra, and we would think that the evidence as to the number of cattle and horses owned at the time of defendant's

father's death, and at the time the crime is alleged to have been committed, would be immaterial, and the evidence concerning the same would have no bearing nor influence with the jury.

We have a provision in our constitution which reads:

" . . . No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." Art 6, sec. 22.

This provision doubtless was inserted in the constitution for just such a situation as has arisen here.

██ We turn to defendant's last complaint against the action of the court in her trial. It also concerns Exhibit "D," and is in these words from the judge during the trial, "Why is it necessary to identify the document (Exhibit 'D')? It is a matter of record in this court." It is not questioned that what the court said is true, the contention being that he gave the instrument a dignity and standing of importance to which it was not entitled.

Quoting from the state's brief:

"By no stretch of imagination can this be regarded as a comment on the evidence. It is first an inquiry as to the necessity under the law to prove a public record, or a document on file in the Court in another case; and secondly a bare statement of the Court that the document is of record in the Court files."

We have carefully examined the record in connection with the complaints made by the defendant, and feel that if any errors were committed in the trial court they were induced by defendant and not by the state; that at most they were technical and harmless, which we are admonished by the constitution to ignore if substantial justice has been done.

The judgment is affirmed.

McALISTER, C. J., and STANFORD, J., concur.