[Crim. No. 5009.   Second Dist., Div. Two.   Oct. 5, 1953.]

THE PEOPLE, Respondent, v. ALBERT G. HOLLIDAY, Appellant.

Bernay, Leader & Bass and William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

FOX, J.—Appellant was charged in count one with transporting marijuana and in count two with possession thereof, each in violation of section 11500, Health and Safety Code. He was convicted on both counts. He appeals from the judgment and the order denying his motion for a new trial.

Appellant does not attack the judgment on count two—possession. He does, however, challenge his conviction on the charge of transportation on the grounds (1) of the insufficiency of the evidence, and (2) that only a single act is here involved yet two separate criminal offenses have been carved out of it. His position is not well founded.

As a result of a previous contact, appellant, who was in a coupé driven by his codefendant, Kelly, approached Officer Ruskin's car and inquired whether he had the money. Upon receiving an affirmative reply, appellant got out of his car and went back of a near-by building. He returned with a brown paper bag and said, "Here it is." Ruskin examined the contents which were identified by appellant as marijuana, but protested the quality and refused to make the purchase. Appellant returned with the bag to the Kelly car which later stopped in front of a small hotel. Appellant went into the hotel, Kelly remaining at the wheel. Kelly was then arrested, and a bag containing approximately one half pound of marijuana was found on the passenger side of the seat near the door.

Appellant was observed coming out of room 8 and locking the door. He denied living there but upon demand produced one of his personal keys that unlocked the door. The manager of the hotel testified that he rented the room to Kelly under the name Jordan, but he had seen appellant around the hotel about once a week since Kelly had lived there, and had seen him enter the latter's room.

Upon a search of the room, approximately 11 pounds of marijuana were found in various bags and in a trunk which also contained a scales.

■ The circumstances here revealed, viz., the large quantity of marijuana in "Kelly's" room together with the scales, the possession of a key to this room by appellant, and his frequent presence there; the fact that Kelly was driving appellant when Ruskin was first contacted relative to a sale, waited until the abortive transaction was concluded, then drove him back to the hotel where the contraband was stored and stayed in the car while appellant went into the room with his own key; and that the paper sack of marijuana which had been transported was on the front seat where both Kelly and appellant had been riding, reasonably justified the trial court in drawing the inference that appellant and Kelly were jointly engaged in selling marijuana and that they had joint possession of the bag and its contents found on the front seat of the car. (*People* v. *Graves,* 84 Cal.App.2d 531, 534 [191 P.2d 32]; *People* v. *Bigelow,* 104 Cal.App.2d 380, 389 [231 P.2d 881]; *People* v. *Bassett,* 68 Cal.App.2d 241, 247 [156 P.2d 457].) Although Kelly did the driving, appellant aided and abetted in the transportation of the marijuana and was therefore liable as a principal. (Pen. Code, § 31.) Here there was more than mere possession. Appellant was carrying the contraband in a moving vehicle. (*People* v. *Coleman,* 100 Cal.App.2d 797, 801 [224 P.2d 837].)

■ Appellant seeks to avoid his conviction on the transportation count on the theory that only a single act is charged as a basis for both convictions. Hence, only one conviction can stand even though the offenses are not necessarily included offenses. He relies on *People* v. *Knowles,* 35 Cal.2d 175 [217 P.2d 1]. It is stated in that case (p. 187) that "the possession of narcotics is an offense distinct from the transportation thereof, but there can be only one conviction when a single act of transportation is proved and the only act of possession is that incident to the transportation." Appellant, however, does not come within the protection of these principles because not merely a single but multiple and separate criminal acts are shown and the act of transportation is not incident to possession. Here appellant's conviction of possession can be sustained upon the basis of his possession of marijuana both *before* and *after* the transportation and *apart* from such transportation. It will be recalled that when appellant offered to make a sale to Ruskin he first went back some distance behind a building and returned with his contraband merchandise. This justifies an inference that the marijuana was hidden there and was not brought in the coupé Kelly was

driving. The crime of possession was then established and complete, and no transportation of the commodity had taken place. If the contemplated sale had been effected appellant would not have been involved in transporting his contraband back to the hotel. Even though the sale was not completed, appellant's transportation of the marijuana in the coupé was not incident to his prior possession and attempted sale. It was a separate and independent decision and act on his part. He could have returned it to its former hiding place or thrown it away.

Appellant's conviction of possession could undoubtedly have been justified also on the evidence of the cache found in "Kelly's" room together with the close relationship of these parties as previously noted. This supply, however, was not the subject of transportation on the occasion here in question.

Thus separate and distinct acts have been proved as the basis of each conviction. Such convictions may be sustained even though the acts on which each is based were closely connected in time and were part of the same criminal venture. (*People* v. *Knowles, supra,* p. 188.)

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.