358 P.2d 178

STATE of Arizona, Appellee,

v.

Joe VALLEJOS, Appellant.

No. 1155.

Supreme Court of Arizona.

Dec. 21, 1960.

See also 87 Ariz. 119, 348 P.2d 554.

Catherine Mealey, Flagstaff, for appellant.

Wade Church, Atty. Gen., Stirley Newell, Asst. Atty. Gen., and Laurence T. Wren, Coconino County Atty., Robert Warden, Deputy County Atty., Flagstaff, for appellee.

UDALL, Justice.

The defendant was charged with four counts of possession and sale of marijuana. The information alleged that on or about March 14, 1959, the defendant had sold five marijuana cigarettes to one Cacias and five to one O'Dell, both purchasers being undercover investigators for the State Liquor Control Commission. The two counts of possession were in connection with these two alleged sales. The defendant entered a plea of not guilty and the case was brought to trial. The defendant did not deny the acts charged but confessed them and entered a defense of entrapment. At the conclusion of the trial the jury brought in a verdict of guilty on each count. The trial judge entered identical sentences on each count and ordered that they should run consecutively.

Defendant's first assignments of error relate to the admission of certain evidence

tending to show that defendant had possessed and sold marijuana on several occasions during the eight days preceding the day on which he is charged with possession and sale. This evidence tends to prove other crimes than the ones charged in the information.

 As a general rule evidence of separate and distinct crimes is inadmissible. The rule and its exceptions are ably set out in Dorsey v. State, 25 Ariz. 139, 213 P. 1011. One such exception is the showing of intent. Ordinarily proof of the acts of possession or sale are sufficient to show intent and therefore would exclude evidence of other crimes. But the defense of entrapment puts the predisposition and criminal intent in issue in a way which makes additional proof of intent necessary. When such condition exists we have held that "evidence of other offenses of a similar nature committed by the defendant is admissible for the purpose of proving intent." Hightower v. State, 62 Ariz. 351, 355, 158 P.2d 156, 158. See also Richardson v. State, 23 Ariz. 98, 201 P. 845; People v. Outten, 13 Ill.2d 21, 147 N.E.2d 284; United States v. Santore, D.C.E.D.Penn., 164 F.Supp. 362 affirmed 3 Cir., 270 F.2d 949 (where other transaction evidence was admitted on issue of entrapment).

 The evidence objected to showed that defendant had made a sale of bulk marijuana, that he had smoked marijuana (which he supplied) several times with the state's agents, and that he supplied the marijuana which was sold by one of his companions to an agent, all within a few days before the sales in question. A careful review of the evidence in the voluminous record reveals that this evidence bears directly on rebutting defendant's contention that the agents and not his own criminal intent were the procuring cause in the commission of the crimes charged.

The defendant himself readily admitted that he used marijuana and that he kept some for that purpose hidden under a rock in the park. In the light of this and all the evidence in the record we do not think that the evidence complained of prejudiced any of the rights of the defendant.

 The defendant objects further that certain marijuana seeds and certain cigarettes sold by the defendant's friends, which were presented for identification but not offered in evidence, were so handled to his prejudice. These items were only marked for identification. The purpose was to lay a foundation to support testimony bearing on the previous transactions introduced. In the case of the seeds, they were related to testimony that the defendant cleaned bulk marijuana at a certain place and would have tended to corroborate that evidence. The cigarettes sold by defendant's friends were part of the foundation for evidence showing that defendant sup-

plied bulk marijuana to his friends but were never introduced in evidence. In any event, defendant made no proper objection at the time they were offered for identification and we will not consider on appeal matters not objected to at trial. State v. Evans, Ariz., 356 P.2d 1106.

Still another complaint of defendant is that even though this prior transaction evidence is admissible, it should not have been admitted in the state's case in chief. It should be noted that before any of this evidence tending to show intent was broached by the state, counsel for defendant raised the matter by asking about bulk marijuana to begin to lay the foundation for the planned defense of entrapment. Throughout the state's case in chief, defense counsel continued to lay the same foundation. When defendant finally took the stand he did not hesitate to admit the acts charged or that he regularly used marijuana.

■■ It is a universal rule that the trial judge must have some discretion in the order of the admissibility of evidence. James v. State, 53 Ariz. 42, 84 P.2d 1081; State v. Cruce, 61 Ariz. 233, 147 P.2d 698; State v. Folk, 78 Ariz. 205, 277 P.2d 1016. In view of the record in this case we cannot sustain defendant's claim that the order of admission in this case in any way prejudiced his rights. The estate was not bound, when defense had already begun to lay the foundation for a defense of entrapment, to wait until after the defendant took the stand to counteract that defense. The evidence that the defendant committed the acts charged was so overwhelming that the state could reasonably anticipate that defendant's plea of innocent was based on a defense of entrapment.

■■ As a further assignment of error, defendant asserts that the jury requested and received a copy of the information which they carried into the jury room during deliberations. There is nothing appearing in either the transcript of record or the minute entries which would tend to verify this claim. No affidavit has been presented to this court which could be used as a basis for this court to consider this question. Furthermore, the matter was not mentioned in the motion for new trial. In view of the absence of any record on which this court may act, we find no reason to depart from our long standing rule that on appeal we will consider only those matters which appear in the records of the trial court. Sam v. State, 33 Ariz. 383, 265 P. 609; State v. Peters, 60 Ariz. 102, 131 P.2d 814.

■ We next consider defendant's contention that the trial court erred in giving the state's requested instruction number 1 relating to the elements of entrapment. In the next to the last sentence the instruction reads:

"But if you find in this case that this man already had in his mind the desire

**82**

to violate the law \* \* \* then the law says that the inducement is not improper \* \* \*."

The objection is to the word "desire" rather than "intention".

While taken in isolation this word may have been objectionable, the instruction which should be read as a whole is not objectionable. Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 3; Tate v. State, 56 Ariz. 194, 106 P.2d 487; State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081.

 The fact that the court, on request of counsel and without objection by defendant, re-read part of this instruction to correct the misreading of one word which, as misread, would have tended to confuse the jury, was not error and did not prejudicially tend to give undue emphasis to any part of the instruction.

The final and most serious consideration of this appeal relates to sentencing the defendant to consecutive terms on each of four counts on the record of this case. Since the state admits in its brief that it was error to sentence defendant on more than one count of possession we need only consider the propriety of the other three sentences.

 Since there is no question in this case that the defendant actually committed the acts of possession of marijuana cigarettes and that he sold five cigarettes to one agent and five to another the only question

that arises is whether or not A.R.S. § 13–1641 prevents conviction on each of these counts. That section reads:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

This section is nearly identical with the corresponding California statute. In the absence of a case in this jurisdiction construing this section, we will follow the California cases in so far as their reasoning is sound.

 We first consider the sentencing for possession in addition to sale. The California cases are numerous and admit of some dispute. What does seem clear is that where the possession was obtained for the purpose of the particular sale, it will be considered one transaction permitting but one conviction and sentence. People v. Branch, 119 Cal.App.2d 490, 260 P.2d 27, 31. In that case the court said:

"By this section, it is indispensable in order to impose separate punishments that there be evidence of separate and divisible acts that are not incidental to each other. In determining this question the courts have refused to dissect the evidence minutely

in an attempt to find separate offenses, but, on the contrary, have held that a broad transactional approach should be made."

We consider this view sound but find its application far from simple. In each case the facts must be examined to determine whether the transactional test has been met. Thus where it appears that the defendant simply acquired the marijuana for the purpose of the sale and the acts of acquisition were for the furtherance of the sale (as opposed to the case where it is kept as if general stock in trade) it is but one transaction. The possession then is incidental only to the sale in much the same way as possession is related to transportation when a defendant is arrested in the act of transporting. People v. Roberts, 40 Cal.2d 483, 254 P.2d 501.

■ However, when it is shown that the defendant has possessed marijuana either before or after the sale in such a way that it is not a part of the transaction of sale he does not come within the protection of the one transaction principle. People v. Holliday, 120 Cal.App.2d 562, 261 P.2d 301, 302. In the Holliday case, the court said:

"Here appellant's conviction of possession can be sustained upon the basis of his possession of marijuana both *before* and *after* the transportation and *apart* from such transportation. It

will be recalled that when appellant offered to make a sale to Ruskin he first went back some distance behind a building and returned with his contraband merchandise. This justifies an inference that the marijuana was hidden there and was not brought in the coupe Kelly was driving. The crime of possession was then established and complete, and no transportation of the commodity had taken place."

■ In the case at hand no inference needs to be drawn. Defendant testified that he purchased the marijuana cigarettes which he sold to the agents some three months prior to the sales and that he kept them hidden under a rock for his own use. This possession, unrelated in any way to the sales, was complete and continued down to the date of the charges laid against him. The crime was complete before the sale-transaction ever started. Defendant had not acquired the narcotic at the instance of the buyers or for the purpose of selling same; he very plainly stated that he had bought it and put it there for his own use. Furthermore, defendant testified that on the date of the sale he kept at least one cigarette after the sale and smoked it himself. We think this evidence clearly shows possession apart from the transaction of sale and justifies conviction and sentence for violation of both sale and possession.

■ The attack on the conviction and sentencing for two counts of sale is two-

fold. First, that it was in fact one sale to the State of Arizona through its two agents and second, that alternatively these two sales were in fact part of one transaction.

The state was not making the purchases in this case but rather each agent, acting for himself in his official capacity, made a purchase. Each gave $5.00 to the defendant and each received five cigarettes. They were not acting as partners. The state has too many arms for us to say that any number of sales to its agents are but one sale because they have the same principal. We are supported in this view by Walker v. State, 146 Tex.Cr.R. 138, 171 S.W.2d 887.

Defendant cites cases holding that the theft of several objects from the same owner at the same time, such as four colts (State v. Aus, 105 Mont. 82, 69 P.2d 584), is one crime and not as many crimes as there are animals or objects.

Defendant was not charged with as many sales as there were cigarettes. He was charged with two sales of five cigarettes each to two different people. If the colts in defendant's illustration had belonged some to one person and some to another, there would have been two thefts, not one. In Walker v. State, supra, the sale of liquor to two state agents, first .to one who then motioned to the other (stationed outside in a car) to come in and also make a purchase, was held to constitute two transactions. The fact that seconds elapsed be-

tween the two sales in that case does not distinguish it from the case at hand. We believe the sales in the case at hand were two separate transactions justifying conviction and sentencing on each count.

For the reasons given in this opinion we affirm Count I (first count for possession) and Counts II and IV (first and second counts for sale of marijuana). It is ordered that Count III (the second count for possession of marijuana) be reversed and remanded with instructions to dismiss the charge thereunder.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN, and JENNINGS, JJ., concurring.