566 P.2d 318

**The STATE of Arizona, Appellee,**

v.

**Dennis Edward KORTE, Appellant.**

**No. 2 CA–CR 943**

Court of Appeals of Arizona, Division 2.

April 18, 1977.

Rehearing Denied May 25, 1977.

Review Denied June 21, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, R. Wayne Ford, Asst. Attys. Gen., Phoenix, and Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Hirsh & Shiner, P. C. by Robert J. Hirsh, Bertram Polis, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was found guilty of conspiracy to violate the state narcotics laws with a prior conviction and was sentenced to serve not less than ten nor more than twelve years in the Arizona State Prison. The pertinent facts are as follows. On February 7, 1976, Kathy Kennedy, a paid narcotics informant, approached appellant and asked if he would be interested in "doing any business." Appellant refused to discuss a possible drug deal at that time but gave Kennedy his address. The informant continued to meet with appellant during the next three days and appellant agreed to arrange for a heroin transaction. On February 10, appellant contacted one Paul Kohut and discussed the acquisition and sale of the heroin. The following day Kennedy and two undercover police officers, posing as buyers, completed the purchase and both appellant and Kohut were arrested.

Appellant was indicted for both unlawful sale of a narcotic drug and conspiracy to violate the state narcotics laws. A verdict of not guilty was returned on the former count while a verdict of guilty was returned on the conspiracy count. Appellant testified and urged a defense of entrapment. On appeal, four issues have been presented for our determination. We believe that none of appellant's contentions merits reversal.

■ Appellant's initial assertion is that the trial court erred in refusing to give a special cautionary instruction to the jury regarding the testimony of informant Kennedy. He argues that Kennedy's status as a paid informant with a felony conviction and a prior history of drug addiction required that the jury be cautioned to carefully scrutinize her testimony. It is urged that the general credibility instruction given by the court was insufficient in this regard.[1] We disagree.

Article 6, § 27, of the Arizona Constitution provides that judges ". . . shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law. . . ." In *State v. Settle,* 111 Ariz. 394, 531 P.2d 151 (1975), defense counsel sought to have the jury given a cautionary instruction to the effect that in a rape case the testimony of the prosecuting witness should be examined with particular care. Our Supreme Court held:

"A cautionary instruction such as the one sought by the defendant is a suggestion to the jury to particularly question the testimony of the prosecuting witness and is a comment upon the weight of the evidence. Such an expression of personal opinion by the judge concerning the facts of the case is contrary to Article 6, section 27, of the Arizona Constitution, A.R.S."

111 Ariz. at 396, 531 P.2d at 153.

Similarly, in *State v. Rogers,* 4 Ariz.App. 198, 419 P.2d 102 (1966), the trial court refused the following instruction:

" 'The law of this state admonishes you to view with caution the testimony of any witness which purports to relate an oral admission of the defendant.' "

4 Ariz.App. at 203, 419 P.2d at 107. This court held that the instruction was properly refused in that it would have been a comment on the evidence by the trial court, there being no statutory provision in Arizona to the same effect as the requested instruction.

In the case at bar the instruction was admittedly designed to discredit the testimony of only one witness, Kathy Kennedy, and amounted to an open invitation to the jury to question her testimony in particular. It was not a mere reference to the evidence, but rather was a comment in that it would implicitly convey the judge's personal opinion concerning the facts of the case.

Appellant next argues that the lower court erred in refusing to allow the introduction of evidence that informant Kennedy had lied to the police three years prior to her testimony in the instant case. During the course of the trial, appellant's counsel was shown a copy of a police report describing Kennedy's arrest in 1973 for embezzling money from her employer. The report reflected that Kennedy had fabricated a story implicating two fictitious robbers in an attempt to exculpate herself. Appellant sought to call as witnesses the police officers who prepared the report, arguing that the report depicted prior misconduct of Kennedy of sufficient similarity to her testimony at trial to affect her credibility, or in the alternative that the officers could testify as to the informant's truthfulness.

■ In light of *State v. Mangrum,* 98 Ariz. 279, 403, P.2d 925 (1965), we believe that appellant was entitled to ask Kennedy if she had lied to the officers in 1973. As these prior statements were collateral to the issues being tried, however, appellant would have been bound by Kennedy's answers. Thus, if she had responded in the negative, no contradiction would have been allowed. Appellant claims that the police report in question was not made available to him until after Kennedy had testified, and that he was precluded from cross-examining the informant about the 1973 acts due to the prosecutor's failure to make timely disclosure. Under these circum-

---

1. The court's Instruction No. 5 stated:

You are the sole judges of the credibility of witnesses. In determining the weight to be given to the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any motive or prejudice he may have, any inconsistent statements he may have made, and the credibility of his testimony considered in light of all the evidence in the case.

stances appellant asserts that the police officers' testimony pertaining to the 1973 fabrication should have been admitted. Again, we disagree.

It is our opinion that appellant should not be allowed to circumvent the restrictive rules pertaining to impeachment of a witness on collateral matters where a proper remedy was available. As the new information was brought to appellant's attention during the course of the trial, it was incumbent on him to ask the court for permission to recall the witness. See *State of Arizona v. Cruce,* 61 Ariz. 233, 147 P.2d 698 (1944); Udall, Arizona Law of Evidence § 47 (1960). Failing to take such action, he cannot now be heard to complain.

■ Appellant's contention that the police officers should have been allowed to testify as to the informant's truthfulness is equally without merit. He concedes that the officers were not familiar with Kennedy's reputation in the community and that the testimony sought to be introduced was not admissible under *Sheek v. State,* 19 Ariz. 509, 172 P. 662 (1918). Although appellant has ably set forth the position of those courts and commentators who have condemned the traditional rule, as an intermediate appellate court we are not empowered to overturn a decision of the Supreme Court. *Webb v. Dixon,* 8 Ariz.App. 453, 447 P.2d 268 (1968), reversed on other grounds, 104 Ariz. 473, 455 P.2d 447 (1969).

Appellant's third contention on appeal is that the trial court erred in refusing either to exclude evidence that appellant had sold small quantities of heroin to Kathy Kennedy, or to grant him a continuance when he was surprised by that testimony. He argues that the sale of several "papers" of heroin four to seven years earlier does not demonstrate a predisposition on his part to sell an ounce of heroin in 1976.

■ When a defendant raises a defense of entrapment, as did appellant, the state may properly introduce evidence of

similar conduct for the purpose of showing predisposition. *State v. Vallejos,* 89 Ariz. 76, 358 P.2d 178 (1960); *State v. Cox,* 110 Ariz. 603, 522 P.2d 29 (1974). As a general rule, however, the similar offense or transaction must not be too remote from the offense charged. *Nees v. Culbertson,* 406 F.2d 621 (5th Cir. 1969); *State v. Turner,* 104 Ariz. 469, 455 P.2d 443 (1969) (dictum). Because remoteness is always comparative, *State v. Hopkins,* 117 Ohio App. 48, 189 N.E.2d 636 (1962), the trial court traditionally has been given substantial latitude in determining what is stale and what is not. *Campbell v. United States,* 538 F.2d 692 (5th Cir. 1976); *Nees v. Culbertson, supra; State v. Hopkins, supra.* Remoteness in time of similar acts, if otherwise admissible, affects generally the weight and probative value and not the admissibility of the evidence.[2] *State v. O'Neal,* 204 Kan. 226, 461 P.2d 801 (1969); *State v. Wright,* 194 Kan. 271, 398 P.2d 339 (1965). In the case at bar, we cannot say that the trial court abused its discretion in refusing to exclude evidence of a prior act virtually identical with the act for which appellant was charged in the instant case.

■ In the alternative appellant argues that he was surprised by Kennedy's testimony and either should have been granted a continuance and an opportunity to interview her or the testimony should have been suppressed. Rule 15.7, Rules of Criminal Procedure, 17 A.R.S., provides for certain sanctions where there has been a violation of a discovery rule. The imposition of such sanctions is within the trial court's discretion. *State v. Belkin,* 26 Ariz. App. 513, 549 P.2d 608 (1976). The trial court apparently found that the circumstances did not warrant suppression of the testimony or a continuance. We do not believe that this amounts to an abuse of discretion. The testimony produced evidence admissible to rebut the defense of entrapment. The witness Kennedy had been disclosed to appellant in time to per-

---

**2.** We do not agree with appellee's position that the element of time is "immaterial." It is our opinion that in certain instances evidence of

prior similar bad acts offered to show predisposition may be patently remote and require exclusion.

mit two unrestricted interviews prior to trial. The court could properly conclude that appellant had ample opportunity to cover the witness's knowledge of the case and that a third interview was unnecessary.

Lastly, appellant contends that the court below erred in excluding the testimony of Dr. Charles Galbo regarding appellant's state of mind. Dr. Galbo would have testified that as a result of appellant's "passive-dependent personality" he would follow virtually anyone who would take the lead, and that he "had no will to resist." Appellant has devised an intricate argument in which he asserts that *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965), does not apply to entrapment cases. We do not believe this to be the law. Rather, we agree with appellee that the fundamental question is whether a defendant may prove his state of mind through expert testimony.

In *State v. Briggs,* 112 Ariz. 379, 382, 542 P.2d 804, 807 (1975) our Supreme Court stated:

> "It appears from the record that Dr. Bendheim is a psychiatrist. The essence of Dr. Bendheim's opinion relates to the question of the specific intent element of murder. 'The issue of criminal responsibility in Arizona has traditionally been a fact question for the jury.' *State v. Ganster,* 102 Ariz. 490, 433 P.2d 620 (1967). *Arizona does not permit psychiatric evidence of a mental disease or defect negativing a state of mind. State v. Schantz,* 98 Ariz. 200, 403 P.2d 521 (1965). Since Dr. Bendheim could not qualify as an expert in the area of specific intent, it follows that hearsay testimony relating to the basis for the formulation of his opinion in that area was inadmissible. The trial court correctly excluded the testimony." (Emphasis added.)

In our opinion, this decision, citing *Schantz,* stands for the proposition that criminal responsibility is for the jury to determine, and that the question of defendant's state of mind is not a proper subject for psychiatric inquiry. This view is reinforced by *State v. Intogna,* 101 Ariz. 275, 279, 419 P.2d 59, 63 (1966):

> "In *State v. Schantz, supra,* we restated the insanity test, under which expert evidence is admissible, as follows:
>
> " 'This test of legal insanity has two elements. An accused must have had at the time of the commission of the criminal act:
>
> " '(1) Such a defect of reason as not to know the nature and quality of the act, *or*
>
> " '(2) If he did know, that he did not know he was doing what was wrong.'
>
> 98 Ariz. at 207, 403 P.2d at 525
>
> "This court has consistently held expert testimony which does not meet this test to be inadmissible for other purposes."

The trial court did not err in excluding Dr. Galbo's testimony.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.