622 P.2d 13

**In the Matter of 1972 FORD VAN, ID NO. E34AHP80972, LIC. NO. 1123HF (NEW YORK).**

**Richard J. SEXSTONE, Appellant,**

v.

**STATE of Arizona, Appellee.**

**No. 1 CA–CIV 3890.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 20, 1979.

Monbleau, Vermeire & Turley, P. C., by Albert R. Vermeire, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty., by Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellee.

## OPINION

OGG, Chief Judge, Division 1.

The issues presented in this appeal are whether the state satisfied the burden of proving that marijuana is a narcotic drug within the meaning of the forfeiture of vehicle statute, A.R.S. § 36–1041, and if so, whether that statute is unconstitutional as applied.

This appeal is from a civil proceeding in which it was determined that the appellant real party in interest, Richard J. Sexstone, had forfeited the ownership of his 1972 Ford van to the state pursuant to § 36–1041. That statute provides that the interest of the legal owner of a vehicle in which a narcotic drug is unlawfully possessed shall

be forfeited to the state. The material facts of the case are not in dispute. On October 23, 1976, Sexstone, while driving his van, was stopped by police officers and arrested on a charge of possession of marijuana. The amount and precise location of the marijuana are not disclosed in the record before us. He pled guilty to the charge, and does not now challenge his criminal conviction. In a separate civil proceeding it was held that due to the possession of marijuana in his vehicle, Sexstone had violated § 36–1041 and thus forfeited the ownership of his van to the state. Sexstone brought this appeal to challenge that decision.

The first issue raised by Sexstone is whether the state met its burden of proving that marijuana is in fact a narcotic drug within the meaning of § 36–1041. Upon the entering of a stipulation that Sexstone was guilty of possession of marijuana and that he was the legal owner of the van, the state rested its case without presenting any additional evidence. Sexstone then called a medical expert who testified that marijuana is not classified as a narcotic under any scientific, medical or pharmacological standards. As a result, Sexstone concludes that the state failed to show that the forfeiture statute, which applies only to the possession of narcotic drugs, had been violated.

■ We do not believe that the state has a burden of proving that marijuana is a narcotic drug, as the legislature, for the purposes of this statute, has already defined it as such. Sexstone concedes that it is within the police power of the state, acting through its legislature, to pass a law making the possession of marijuana illegal and providing for the seizure of vehicles which contain it. That is exactly what has been done in Arizona. Section 36–1041 provides that the title of a vehicle shall be forfeited to the state if a *narcotic drug* is unlawfully possessed in it. The legislature defined "narcotic drug" to include cannabis, § 36–1001(14), which in turn is defined as (a) all substances known as marijuana, (b) parts of the plant cannabis sativa L. Section 36–1001(13). Sexstone does not dispute that the substance found in his possession was marijuana. In fact, he pled guilty to the

criminal charge of possession of that drug. Since marijuana is within the definition of narcotic drug which the legislature set forth pursuant to a proper exercise of the police power, we hold that it was not incumbent upon the state to offer any additional proof on that issue.

■ Sexstone next argues that if marijuana, for purposes of the forfeiture statute, is classified as a narcotic drug, that classification violates the equal protection clauses of the Arizona and United States Constitutions. It is well settled in Arizona that there is a presumption the legislature acts constitutionally, and if there is any reasonable basis for the enactment of a statute, it will be upheld unless clearly unconstitutional. *State v. Murphy*, 117 Ariz. 57, 570 P.2d 1070 (1977). A legislative classification, however, that is unreasonable, arbitrary or capricious is invalid. *Landgraff v. Wagner*, 26 Ariz.App. 49, 546 P.2d 26 (1976). Sexstone contends that since the uncontradicted expert testimony established marijuana is not scientifically, medically or pharmacologically classified as a narcotic drug, the legislature's definition is unreasonable. Sexstone concludes that this court should be guided by recent decisions from other jurisdictions which hold that the classification of marijuana as a narcotic drug is unreasonable, arbitrary and capricious. *English v. Miller*, 341 F.Supp. 714 (D.C.Va. 1972), *rev'd*, 481 F.2d 188 (4th Cir. 1973); *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407 (1971); *People v. Sinclair*, 387 Mich. 91, 194 N.W.2d 878 (1972).

In *State v. Wadsworth*, 109 Ariz. 59, 505 P.2d 230 (1973), the Arizona Supreme Court considered this issue, and this Court has no authority to overrule that decision. *State v. Korte*, 115 Ariz. 517, 566 P.2d 318 (App. 1977). In upholding the classification of marijuana as a narcotic drug, the Court in *Wadsworth* reasoned that the fact that a drug on a list of "narcotic drugs" may be less harmful than those listed as dangerous drugs does not make the classification unreasonable. The Court stated:

The legislative intent in this State was to proscribe the use of marijuana, not to scientifically categorize it according to its composition and effect, and we believe

there was a reasonable basis for the classification of marijuana with the narcotic drugs rather than the dangerous drugs. 109 Ariz. at 63, 505 P.2d at 234.

Sexstone argues that *Wadsworth* does not apply to this case because the issue there was not whether the classification of marijuana as a narcotic drug was reasonable but whether there was a rational basis for having the penalties for possession of marijuana substantially similar to those imposed for the possession of narcotic drugs.

In *Wadsworth* the Court stated that the issue raised was whether the classification of marijuana with the narcotic drugs rather than with the dangerous drugs and the penalties imposed violate the equal protection clauses of the Arizona and United States Constitutions. Sexstone contends that *Wadsworth* has little precedential value to the state, for the issue in this case is the constitutionality of § 36–1041 as utilized to forfeit a vehicle when the substance in question is marijuana rather than a narcotic drug. It is our opinion that we are bound by the rationale of *Wadsworth*. Section 36–1041 provides for the forfeiture of a vehicle where a narcotic drug is illegally possessed. The legislature has defined and classified marijuana as a narcotic drug. *Wadsworth* finds that such classification is constitutional, and that there is a rational basis for setting the criminal penalties for the possession of marijuana substantially similar to the penalties imposed for the possession of narcotic drugs. It appears that if such classification is constitutional for the imposition of criminal penalties, then such classification for the forfeiture of vehicles should also be deemed constitutional. It would not appear reasonable to give greater constitutional protection to the ownership of a vehicle than to the protection of an individual's liberty under criminal penalties.

In *State v. Yanich*, 110 Ariz. 172, 516 P.2d 308 (1973), the Arizona Supreme Court again considered whether the classification of marijuana as an addictive narcotic drug was unconstitutional as a violation of the equal protection clause of the United States Constitution. The Court, relying on *Wads-*

*worth*, rejected the contention that such classification was unconstitutional.

We also believe it significant to note that the recent decisions from other jurisdictions cited by Sexstone were decided prior to *Wadsworth* and *Yanich*, and our Supreme Court was not persuaded by them. In fact, in *Wadsworth*, the Court specifically adopted the reasoning of the dissenting opinion in *McCabe*. Furthermore, while these cases hold it unreasonable to classify marijuana as a narcotic drug, the majority of jurisdictions are in accord with the Arizona Supreme Court decisions in *Wadsworth* and *Yanich*. *See* Annot., 50 A.L.R.3d 1164 (1973).

The decision of the trial court is affirmed.

JACOBSON, J., concurs.

SCHROEDER, Presiding Judge, dissenting:

I dissent for the reasons stated in the dissenting opinion in *In Matter of 1965 Ford Econoline Van, I.D. No. E14TH591372, Calif. Lic. No. 98921U, PARKER v. STATE*, 121 Ariz. 477, 591 P.2d 569.